UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CARLOS BRITO, Individually,

        Plaintiff,

vs.                                               Case No.

FLANIGAN'S ENTERPRISES, INC., a Florida
Corporation, d/b/a Flanigan's #20 and Big
Daddy's Liquors,

        Defendant.
_____/

# COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, CARLOS BRITO, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, FLANIGAN'S ENTERPRISES, INC., a Florida Corporation, d/b/a Flanigan's #20 and Big Daddy's Liquors, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Carlos Brito, is an individual residing in Miami, FL, in the County of Miami-Dade.

2. Defendant's properties, Flanigan's #20 and Big Daddy's Liquors are respectively located at 13205 and 13185 Biscayne Blvd., North Miami, FL 33181, in the County of Miami-Dade.

3. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs.

4. The Defendant's properties are located in and the Defendant does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff Carlos Brito, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a paraplegic.

7. Mr. Brito relies on a manual wheelchair for mobility.

8. Mr. Brito sometimes works as an Uber driver in the area, and one of his attorneys, Fuller, Fuller & Associates, P.A., has its office nearby in North Miami, FL.

9. Mr. Brito frequently eats in the area and takes advantage of the vast variety of restaurants that are offered in the area.

10. He also goes to the area in conjunction with his advocacy for access to public accommodations for disabled persons.

11. Mr. Brito most recently visited the Defendant's property on July 14, 2021.

12. He intends to return to the facility in the near future, not only to avail himself of the goods and services available at the properties, but to assure himself that the properties are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the properties without fear of discrimination.

13. Mr. Brito has encountered architectural barriers at the subject properties. The barriers to access at the subject properties have endangered his safety.

14. Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR § 36.201(a)

and 36.104. Defendant is responsible for complying with the obligations of the ADA.

15. The places of public accommodation that the Defendant owns, operates, leases or leases to are known as Flanigan's #20 and Big Daddy's Liquors (sometimes collectively referred to as "property", "Defendant's property", or "facility"), and are located at 13205 and 13185 Biscayne Blvd., North Miami, FL 33181.

16. Carlos Brito has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the properties as described but not necessarily limited to the allegations in this Complaint.

17. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

18. Carlos Brito desires to visit Flanigan's #20 and Big Daddy's Liquors, not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

19. The subject property is operated by a private entity whose operation affect commerce and is a public accommodation as defined by the ADA and its implementing regulations. See 28 CFR § 36.104.

20. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

21. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000

or less).

22. A preliminary inspection of the Flanigan's #20 and Big Daddy's Liquors has shown that violations exist.

23. These violations that Carlos Brito has personally encountered and/or observed include, but are not limited to:

**Parking**

24. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope.

25. One or more of the accessible parking spaces at the Defendant's property contained slopes in excess of 1:50 (2%).

26. The foregoing is in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards.

27. The remediation of the foregoing ADA violation is readily achievable.

28. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope.

29. There are one or more accessible parking space access aisles at Defendant's property that contain slopes in excess of 1:50 (2%).

30. The foregoing is in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards.

31. The remediation of the foregoing ADA violation is readily achievable.

32. The Plaintiff found it difficult to locate a designated accessible parking space.

33. The required number of accessible parking spaces is not provided at the Defendant's property.

34. The foregoing is in violation of Sections 4.1.2(5a) and 4.6.1 of the ADAAG and Section 208.2.4 of the 2010 ADA Standards.

35. The remediation of the foregoing ADA violation is readily achievable.

**Entrance Access and Path of Travel**

36. The Plaintiff had difficulty accessing the facility as there are sections without designated accessible parking spaces.

37. Accessible parking spaces at Defendant's property are not dispersed and located closest to accessible entrances.

38. The foregoing is in violation Section 4.6.2 of the ADAAG and Section 208.3.1 of the 2010 ADA Standards.

39. The remediation of the foregoing ADA violation is readily achievable.

40. The Plaintiff had difficulty traversing the path of travel as it was not continuous and accessible.

41. There are inaccessible routes between sections of the facility.

42. The foregoing is in violation of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403.

43. The remediation of the foregoing ADA violation is readily achievable.

44. The Plaintiff had difficulty traversing the path of travel, as such parts of travel contain excessive cross slopes.

45. One or more of the paths of travel at Defendant's property contains cross slopes in excess of 1:50 (2%).

46. The foregoing is in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards.

47. The remediation of the foregoing ADA violation is readily achievable.

**FLANIGAN'S #20**

**Access to Goods and Services**

48. The Plaintiff could not utilize the bar counter as it is mounted too high.

49. All of the counters located within the Defendant's bar had a height in excess of 36 inches.

50. The foregoing is a violation of Sections 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards.

51. The remediation of the foregoing ADA violation is readily achievable.

52. Defendant could not utilize the seating area located within the bar.

53. Such seating areas failed to provide sufficient clearance so as to be usable by a disabled individual.

54. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards.

55. The remediation of the foregoing ADA violation is readily achievable.

**Public Restrooms**

56. The Plaintiff had difficulty located the accessible restroom at the Defendant's property.

57. Inaccessible restrooms at the Defendant's property lack directional signage to the location of an accessible restroom.

58. The foregoing is in violation of Sections 4.1.2(7d), 4.1.3(16b), & 4.30 of the ADAAG and Sections 216.3, 216.8, & 703.5 of the 2010 ADA Standards.

59. The remediation of the foregoing ADA violation is readily achievable.

60. The Plaintiff could not transfer to the toilet without assistance as the side grab bar is not at the required location.

61. The accessible restroom at the Defendant's property did not have a side wall grab bar property mounted at the right location (33-36 inches in height, and extending at least 54 inches from the rear wall).

62. The foregoing is in violation of Section 4.16.4 & Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards.

63. The remediation of the foregoing ADA violation is readily achievable.

**BIG DADDY'S LIQUORS**

**Access to Goods and Services**

64. The Plaintiff could not use the sales counters without assistance, as they are mounted too high.

65. The sales counters at the facility are all in excess of 36 inches high.

66. The foregoing is in violation of Section 7.2(1) of the ADAAG and Section 904.4 of the 2010 ADA Standards.

67. The remediation of the foregoing ADA violation is readily achievable.

**Maintenance**

68. The accessible features of the facility are not maintained creating barriers to access for the Plaintiff.

69. This is in violation of 28 CFR § 36.211.

70. The remediation of the foregoing ADA violation is readily achievable.

71. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines, and the 2010 ADA Standards for Accessible Design

(ADAAG), as promulgated by the U.S. Department of Justice.

72. The discriminatory violations described above are not an exclusive list of the Defendant's ADA violations.

73. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

74. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

75. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

76. Defendant has discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR § 36.302 et seq.

77. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take

such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

78. Plaintiff is without adequate remedy at law and is suffering irreparable harm.

79. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

80. Furthermore, the public interest would not be disserved by a permanent injunction.

81. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505.

82. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR § 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR § 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

83. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

84.     All other conditions precedent have been met by Plaintiff or waived by the Defendant.

85.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Flanigan's #20 and Big Daddy's Liquors to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.      Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.      The Order shall further require the Defendant to maintain the required

accessible features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features on an ongoing basis.

    e.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

/s/Brandon A. Rotbart
Brandon A. Rotbart, Esq., Of Counsel
Florida Bar No. 0124771
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 – Facsimile
Rotbart@rotbartlaw.com

Counsel for Plaintiff Carlos Brito